USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/9/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAIAH MONTGOMERY,

                Plaintiff,

-against-

ERT DANIEL CAPPELLI ET AL.,

                Defendant.

19-cv-1558 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff, Isaiah Montgomery, proceeding *pro se* in this Section 1983 action against ERT Daniel Cappelli, ERT Cintron, CO Artchi, ERT Worsdale, Lt. Rothman, C.O. Oriani, Carl E. DuBois, and Orange County Correctional Facility (collectively, "Defendants"), filed a motion for the appointment of pro bono counsel. (ECF No. 16.)

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently,

and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

Plaintiff's instant request for *pro bono* counsel cannot be granted at such an early stage in the litigation. This case only commenced three months ago on February 19, 2019. (ECF No. 1.) Plaintiff's application for appointment of *pro bono* counsel is his first request. Defendants have not answered nor filed any motions in this case. In short, this case is in its absolute infancy, with no discovery nor motion practice having ensued. At this early stage in the proceedings, there is no indication that Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex. Additionally, the Court cannot conclude that Plaintiff is unable to handle the case without assistance, although this conclusion may change as the action progresses.

Therefore, because the Court does not find any circumstances which warrant the appointment of pro bono counsel *at this time*, Plaintiff's motion is DENIED without prejudice to renewal at a later stage in the proceedings. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 16 and mail a copy of this Order to Plaintiff at his address as listed on ECF and to show proof of service.

Dated: May 9, 2019
White Plains, New York

NELSON S. ROMÁN
United States District Judge